Affirmed and Opinion filed February 15, 2005









Affirmed
and Opinion filed February 15, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00088-CR

____________

 

PATRICK O’NEAL
ALFRED,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 807,013

 



 

O P I N I O N

This is an appeal from a retrial on
punishment only.  In the first trial, a
jury convicted appellant, Patrick Alfred, of murder and assessed punishment at
twenty years’ imprisonment.  In the
second trial, on punishment only, the jury assessed punishment at sixty years’
imprisonment.  On appeal, appellant
contends that the evidence is factually insufficient to support the jury’s
finding that he did not act under the influence of sudden passion.  We affirm.

 








Background

The parties agree regarding most of the
pertinent facts.  On the morning of
September 5, 1996, Joseph Anderson apparently became upset because he had heard
that appellant had been talking about him. 
Anderson went to another person’s apartment to confront appellant.  An argument ensued, Anderson hit appellant,
and the two fought briefly.

Glenda Davis, Anderson’s girlfriend, later
went to the apartment and apologized to the tenant.  Upon hearing the apology, appellant told
Davis that she “had just gotten [Anderson] killed.”  Davis testified that Anderson later told her
in a telephone conversation that appellant had come to Anderson’s place of
employment, pointed a gun at him, and threatened to kill him.

That afternoon, Anderson was standing
outside his apartment complex when an eighteen-wheel truck, driven by
appellant, headed towards him, slid to a stop, and hit him without doing any
serious harm.  Anderson went to his
vehicle, then ran to appellant’s truck, climbed up the side of the cab, and
opened the door.  Appellant then shot
Anderson in the chest.  Anderson died
shortly thereafter from the wound. 
Appellant testified that Anderson had a gun and that he shot him in
self-defense.  An eyewitness testified
that he did not see Anderson with a gun.

Discussion








In his sole issue, appellant contends that
the evidence is factually insufficient to support the jury’s finding that he
did not act under the influence of sudden passion.[1]  Appellant was convicted of murder, which is
usually a felony of the first degree.  See
Tex. Pen. Code Ann. §
19.02(c) (Vernon 2003).  However, if
during the punishment phase a defendant raises the issue of whether he
committed the offense under the immediate influence of “sudden passion” arising
from an “adequate cause,” and proves it by a preponderance of the evidence,
then the offense is a felony of the second degree.  Id. § 19.02(d).  “‘Sudden passion’ means passion directly
caused by and arising out of provocation by the individual killed or another
acting with the person killed which passion arises at the time of the offense
and is not solely the result of former provocation.”  Id. § 19.02(a)(2).  “‘Adequate cause’ means cause that would
commonly produce a degree of anger, rage, resentment, or terror in a person of
ordinary temper, sufficient to render the mind incapable of cool
reflection.”  Id. § 19.02(a)(1).

 
The jury was charged regarding sudden passion but returned a negative
finding on the issue.  In reviewing this
finding for factual sufficiency, we shall reverse only if the resulting
judgment is so against the great weight and preponderance of the evidence as to
be manifestly unjust.  See Zuliani v.
State, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003); Naasz v. State,
974 S.W.2d 418, 421 (Tex. App.—Dallas 1998, pet. ref’d).








Appellant argues that when Anderson
reached into his vehicle then ran to the driver’s side of appellant’s truck,
climbed up, and opened the door, anyone in appellant’s position at that point
would have felt himself under attack and in mortal danger.  However, Anderson’s conduct must be viewed in
context.  There was evidence that
appellant had indicated earlier in the day that he was going to kill Anderson,
that appellant showed up at Anderson’s place of employment and threatened him
with a gun, and that appellant drove his truck at Anderson at a high rate of
speed and hit him immediately before Anderson’s allegedly provocative
conduct.  Sudden passion is not
established when the confrontation resulting in such passion was provoked by
the accused.  See Naasz, 974
S.W.2d at 425; see also Gonzales v. State, 942 S.W.2d 80, 84 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d) (discussing issue in context of
voluntary manslaughter); Willis v. State, 936 S.W.2d 302, 309 (Tex.
App.—Tyler 1996, pet. ref’d) (same).[2]  The jury could have reasonably concluded that
appellant, and not Anderson, provoked the confrontation when he hit Anderson
with his truck, particularly in light of events earlier in the day.

The jury could also have reasonably
believed that appellant came to the apartment complex with the intention of
killing Anderson, and thus, the murder was not committed under the immediate
influence of passion caused by Anderson’s behavior.  There was evidence that appellant indicated
he was going to kill Anderson, threatened Anderson with a gun, and hit Anderson
with his truck.  The jury could have
reasonably concluded from this evidence that appellant did not shoot Anderson
under the immediate influence of passion caused by Anderson’s behavior as
required for application of section 19.02(d).[3]

Because appellant has not shown that the
jury’s finding regarding sudden passion was against the great weight and
preponderance of the evidence, we find that the evidence was factually
sufficient to support the judgment.  See
Zuliani, 97 S.W.3d at 593; Naasz, 974 S.W.2d at 421.  Appellant’s sole issue is overruled.








The trial court’s judgment is affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed February15, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish — Tex. R. App. P.
47.2(b).











[1]  The State
points out that we previously declined to perform a factual sufficiency review
on a jury’s determination regarding sudden passion in Forbes v. State,
No. 14-98-01453-CR, 2000 WL 19156 (Tex. App.—Houston [14th Dist.] 2000, pet.
ref’d).  We so declined in that case
because the Court of Criminal Appeals had not yet extended factual sufficiency
review under Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996), to
punishment issues raised by a defendant. 
Forbes, 2000 WL at * 2 (citing McGinn v. State, 961 S.W.2d
161, 169 (Tex. Crim. App. 1998)). 
Subsequently, the Court of Criminal Appeals extended factual sufficiency
reviews to cover punishment issues that involve determinations of historic
fact, as opposed to determinations of future proclivities.  See, e.g., Wardrip v. State, 56 S.W.3d
588 (Tex. Crim. App. 2001).  Because a
determination of sudden passion involves only a question of historic fact, we
will perform a factual sufficiency review in the present case.





[2]  As the court
in Naasz correctly points out:

 

Before September 1, 1994, “sudden passion arising from
an adequate cause” was an element of the offense of voluntary
manslaughter.  See Act of May 24,
1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 913, amended by
Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen.
Laws 1123, 1124, repealed by Act of May 29, 1993, 73d Leg., R.S., ch.
900, § 1.01, 1993 Tex. Gen. Laws 3586, 3614. 
As of September 1, 1994, however, voluntary manslaughter was eliminated
as a separate offense under the penal code. 
See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993
Tex. Gen. Laws 3586, 3614.  Instead,
evidence that a defendant acted under the influence of sudden passion is now an
issue mitigating punishment for murder.  See
Tex. Pen. Code Ann. § 19.02(d)
[(2003)].  This change in the law was
accompanied by a change in the burden of proof. 
Lack of sudden passion is no longer an element of the State’s case for murder.  Therefore, the State is not required to
negate the existence of sudden passion. 
Rather, the defendant is now required to prove this element by a
preponderance of the evidence.  See id.

 

Naasz, 974 S.W.2d at 420; see also Trevino v. State, 100 S.W.3d
232, 236-37 (Tex. Crim. App. 2003) (discussing history of “sudden passion” and
the Penal Code).





[3]  The initial
confrontation from that morning was clearly too distant in time to support a
finding of sudden passion regarding the later events.  See Hobson v. State, 644 S.W.2d 473,
478 (Tex. Crim. App. 1983).  Appellant
does not argue otherwise.